# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY BACON, | 1:09-cv-02159-LJO-DLB (HC) |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| JAMES D. HARTLEY, Warden | [Doc. 1] |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

### RELEVANT BACKGROUND

Petitioner is currently in the custody of the California Department of Corrections and Rehabilitation (CDCR) following his conviction of second degree murder. Petitioner was sentenced to fifteen years to life.

In the instant petition, Petitioner does not challenge the validity of his conviction; rather, Petitioner contends that his due process rights were violated during the August 25, 2008, Board of Parole Hearing (Board).

On January 24, 2009, Petitioner filed a petition for writ of habeas corpus in the Mendocino County Superior Court, challenging the Board's August 2008 denial of parole. The superior court denied the petition finding some evidence supported the Board's decision.

Petitioner then filed a petition in the California Court of Appeal. The court denied the

petition finding Petitioner failed to provide a sufficient record to enable appellate review.

Petitioner then filed a petition for review in the California Supreme Court. The petition was summarily denied.

Petitioner filed the instant petition for writ of habeas corpus on December 3, 2009. Respondent filed an answer to the petition on March 39, 2010, and Petitioner filed a traverse on June 14, 2010.

## DISCUSSION

In the instant petition, Petitioner raises the following three grounds for relief: 1) Petitioner's behavior, performance, current record and realistic parole plans demonstrate the Board's denial was contrary to the case factors; 2) current and successive psychiatric evaluations found Petitioner a low risk to commit future violent acts and this coupled with inducement to accept plea deal, his present programing, performance and behavior support the finding the Board's decision was unreasonable; and 3) the Board of Parole is operating under a gubernatorial no-parole policy that all murderers be found unsuitable for parole.

Because California's statutory parole scheme guarantees that prisoners will not be denied parole absent some evidence of present dangerousness, the Ninth Circuit Court of Appeals held that California law creates a liberty interest in parole that may be enforced under the Due Process Clause. Hayward v. Marshall, 602 F.3d 546, 561-563 (9th Cir.2010); Pearson v. Muntz, 606 F.3d 606, 608-609 (9th Cir. 2010); Cooke v. Solis, 606 F.3d 1206, 1213 (2010), *rev'd*, Swarthout v. Cooke, ___ U.S.___, ___ S.Ct. ___, 2011 WL 197627 (Jan. 24, 2011). The Ninth Circuit instructed reviewing federal district courts to determine whether California's application of California's "some evidence" rule was unreasonable or was based on an unreasonable determination of the facts in light of the evidence. Hayward v. Marshall. 603 F.3d at 563; Pearson v. Muntz, 606 F.3d at 608.

On January 24, 2011, the Supreme Court issued a *per curiam* opinion in Swarthout v. Cooke, ___ U.S.___, ___ S.Ct. ___, 2011 WL 197627 (Jan. 24, 2011). In Swarthout, the Supreme Court held that "the responsibility for assuring that the constitutionally adequate procedures governing California's parole system are properly applied rests with California

courts, and is no part of the Ninth Circuit's business." The federal habeas court's inquiry into whether a prisoner denied parole received due process is limited to determining whether the prisoner "was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied." Id., *citing*, Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 16 (1979). Review of the instant case reveals Petitioner was present at his parole hearing, was given an opportunity to be heard, and was provided a statement of reasons for the parole board's decision. (See Court Doc. 19, Transcript.) "The Constitution does not require more [process]." Greenholtz, 442 U.S. at 16. Therefore, Petitioner's first two claims do not present cognizable claims for relief and must be summarily dismissed.

In claim three, Petitioner contends that the Board's denial was based on an illegal gubernatorial policy against granting parole for inmates convicted of murder. Petitioner has not submitted any credible proof of the existence of such an illegal policy. Nor has he demonstrated that the alleged "no parole" policy played a part in the Board's decision in this case. Petitioner cites to statistical data of the number of parole grants and denials during the period of 1998 through 2002, yet the challenge here is to the 2008 parole hearing. Accordingly, there is no merit to Petitioner's claim.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Claims One and Two be summarily dismissed as they do not present cognizable claims;
2. Claim Three be DENIED; and
3. The Clerk of Court be directed to enter judgment, terminating this action.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served

and filed within fourteen (14) days after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

   IT IS SO ORDERED.

   **Dated:   January 27, 2011**                    **/s/ Dennis L. Beck**
                                             UNITED STATES MAGISTRATE JUDGE